IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS LEE DAWKINS,

    Petitioner,               No. CIV S-00-0947 LKK KJM P

    vs.

R. A. CASTRO, Warden,

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

                            /

        Petitioner is a state prisoner proceeding with counsel with an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 1994 convictions for assault with a deadly weapon by a prisoner and possession of a sharp instrument by a prisoner. On September 5, 2001, the district court adopted findings and recommendations filed July 23, 2001, and granted respondent's January 3, 2001 motion to dismiss; this action thus was dismissed as time-barred. On June 10, 2003, the Ninth Circuit Court of Appeals vacated the September 5, 2001 dismissal and remanded.

I. <u>July 23, 2001 Findings And Recommendations</u>

        On July 23, 2001 the magistrate judge assigned to this case at that time issued the following findings and recommendations concerning respondent's January 3, 2001 motion to dismiss:

1

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted in the Superior Court of Sacramento County on July 19, 1994 and sentenced September 9, 1994. His convictions were affirmed by the California Court of Appeal, Third Appellate District on September 22, 1995. Petitioner did not seek review in the California Supreme Court.

Petitioner filed an application for writ of habeas corpus in the California Supreme Court on August 20, 1996 alleging several grounds for relief, including all the grounds alleged in this action. The petition was denied on October 30, 1996.

Petitioner filed an application for writ of habeas corpus in this court on December 9, 1996. The application was dismissed on December 1, 1997 due to petitioner's failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1).

Petitioner filed a second application for writ of habeas corpus in the California Supreme Court on August 6, 1999 arguing he was denied the right to counsel during the direct appeal of his convictions. That application was denied October 27, 1999. Petitioner does not assert the grounds for relief presented in his August 6, 1999 California Supreme Court application in this action.

This action was filed December 27, 1999.

Petitioner's conviction became final prior to the enactment of AEDPA. Under § 2244(d)(1)(A), the statute of limitations began to run against petitioner on April 24, 1996, the date of enactment of the statute. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).

The limitations period ran for approximately four months until petitioner filed his first state habeas application. The statute was then tolled during the pendency of the petition, pursuant to 28 U.S.C. § 2244(d)(2), for about two months. When the application was denied, the limitations period continued to run. The period ran out in June of 1997.[fn]

Petitioner argues that the court should find that the limitations period was tolled between August 23, 1997 and December 27, 1999 pursuant to 28 U.S.C. § 2244(d)(1). In support of his argument, petitioner asserts that during that period the state created an impediment to his filing his application since he was not provided adequate access to his prison's law library. However, petitioner's argument cannot save this action as the limitations period ran out prior to August 23, 1997. Petitioner's argument that the court should equitably toll the limitations period between August 23, 1997 and December 27, 1999 pursuant to Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1285 (9th Cir. 1997) is equally ineffective.

------

[fn] The pendency of petitioner's previous application in this court does not toll the limitations period. Duncan v. Walker, _ U.S. _, 121 S. Ct. 2120, 2124 (2001). Furthermore, Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999) does not apply. In Nino, the United States Court of Appeals for the Ninth Circuit found that where a habeas petitioner is attempting to exhaust state remedies, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Id. at 1006. In this case petitioner's claims were exhausted after his first habeas application was denied. Accordingly, Nino does not extend the tolling period past the denial of the

first application. Furthermore, plaintiff was not attempting to exhaust
state remedies between December 9, 1996 and December 1, 1997, while
his prior federal habeas action was pending.

Findings and Recommendations (filed July 23, 2001) at 1-3. These findings and recommendations were adopted in full by the district court.

II. Remand Order

The Ninth Circuit reversed the dismissal of petitioner's habeas application as time-barred and remanded:

At the time the district court dismissed Dawkins's petition, it did not have the benefit of our decision in *Ford v. Hubbard*, 305 F.3d 875, 885 (9th Cir. 2002) (concluding that the district court erred when it failed to inform a pro se petitioner he would be time barred upon returning to federal court with exhausted claims). . .
On remand, the district court should examine whether Dawkins exercised reasonable diligence in exhausting his claims, *see Guillory v. Roe*, No. 01-56343, 2003 WL 2013086 (9th Cir. May 6, 2003) (holding petitioner was not entitled to equitable tolling because he failed to diligently exhaust claims), and whether the claims in Dawkins's second federal petition relate back to his first petition. *See Ford*, 305 F.3d at 889-90 (concluding that claims raised for the first time in a second petition do not relate back to the original petition).

Dawkins v. Castro, No. 01-17132, slip op. at 2 (9th Cir. May 19, 2003).

Both parties have filed supplemental briefs following the remand order.

III. Analysis

In Ford v. Hubbard, 305 F.3d 875, 885 (9th Cir. 2002),[1] the Ninth Circuit held that if the applicable limitations period has expired, a district court may not properly dismiss a habeas application for failure to exhaust state court remedies without informing the petitioner that any subsequent application would be time-barred absent equitable tolling. As relevant to this case,

---

[1] Since filing of the Ninth Circuit's remand order in this case, Ford v. Hubbard was amended and superseded on denial of rehearing. See 330 F.3d 1086 (9th Cir. 2003). For the purposes of these recommendations, the result reached in the amended decision was the same as in the original case filed in 2002. Id. at 1100-02. Citations hereafter are to the amended decision, which, as discussed below, is itself no longer good law.

4

and as noted in the Findings and Recommendations referenced above, petitioner's first habeas application, filed in this district as Case No. CIV-S-96-2125, was dismissed on December 1, 1997 for failure to exhaust state court remedies with respect to some of the claims. Petitioner was informed he could either proceed only on his exhausted claims or return to state court to exhaust his unexhausted claims and then return to federal court with all of his claims exhausted. See Findings and Recommendations (filed Oct. 8, 1997 in CIV-S-96-2125) at 4 n.3. The latter he elected not to do, as indicated by the face sheet of his "amended petition"; while his amended petition contained only his previously exhausted claims, it was not filed until more than two years after his first petition was dismissed. See Am. Pet. (filed Dec. 27, 1999 in CIV-S-96-2125[2]) at 1 passim; Judgment (entered Dec. 1, 1997 in CIV-S-96-2125). While petitioner also was informed in 1997 that there is a limitations period applicable to habeas petitions, he was not specifically informed that any subsequent habeas action would be considered time-barred absent equitable tolling. Findings and Recommendations (filed Oct. 8, 1997 in CIV-S-96-2125) at 4 n.3.

The omission of an advisement that claims would be time-barred would have been considered error under Ford v. Hubbard. However, Ford v. Hubbard (as amended) is no longer good law. In Pliler v. Ford, 542 U.S. 225, 124 S. Ct. 2441, 2446 (2004), decided after the Ninth Circuit's remand in this case, the Supreme Court held that district courts are not required to warn petitioners whose habeas applications are being dismissed for failure to exhaust state court remedies about any statute of limitations ramifications.[3] In light of Pliler v. Ford, which vacates

---

[2] Because petitioner's first case had been closed for more than two years by the time he filed his amended petition, the amended petition became the basis for this action. See Order (filed May 1, 2000 in CIV-S-96-2125).

[3] While in Pliler v. Ford the Supreme Court found that district courts are not required to warn petitioners whose habeas applications are being dismissed for failure to exhaust state court remedies about any statute of limitations ramifications, the Court suggested that those petitioners who have been affirmatively misled into thinking a post-exhaustion federal action would not be time-barred could be entitled to equitable tolling sufficient to render the second federal action timely. 124 S. Ct. at 2447. In Case No. CIV-S-96-2125, petitioner was not affirmatively misled

1  Ford v. Hubbard, Ford v. Hubbard no longer affects the outcome of this case.[4]

2  Based on the then-applicability of Ford v. Hubbard, the Ninth Circuit's remand order directed this court to consider whether petitioner exercised "reasonable diligence" in exhausting his claims after the 1997 dismissal of his first petition, with citation to Guillory v. Roe, 329 F.3d 1015 (9th Cir. 2003). In Guillory, the Ninth Circuit considered whether a habeas petitioner was entitled to equitable tolling of the limitations period with respect to a second habeas petition because the district court erroneously dismissed the petitioner's first habeas petition as mixed (one containing both exhausted and unexhausted claims) without giving petitioner the option of amending his petition to omit the unexhausted claims. Ultimately, the Ninth Circuit found the petitioner in Guillory was not entitled to equitable tolling because he had not exercised reasonable diligence in exhausting his claims after the first improper dismissal. Id. at 1017-18. As noted above, because the 1997 dismissal in Case No. CIV-S-96-2125 was not erroneous under Pliler v. Ford, petitioner is not entitled to equitable tolling after the 1997

---

into thinking this action would be timely. As noted above, petitioner was told he could either proceed with his exhausted claims, or that the federal court could consider all of his claims after he exhausted his unexhausted claims in state court. Findings and Recommendations (filed Oct. 8, 1997 in CIV-S-96-2125) at 4 n.3. At the same time, petitioner was warned there is a one year limitations period with respect to habeas corpus petitions. Id. Petitioner was told "[i]n most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending." Id. Petitioner also was given the statutory citation for the statute of limitations. Id. Considering all the information provided to petitioner, petitioner was not affirmatively misled into thinking that if he were to allow Case No. CIV-S-96-2125 to be dismissed – as he in fact did, without objection --, that a subsequent federal court action would be timely absent equitable tolling.

[4] It also could have been argued that after Ford v. Hubbard (as amended) district courts were required to inform habeas petitioners who had filed petitions asserting both exhausted and unexhausted clams that the petitioner had the option of seeking a stay of the exhausted claims while petitioner exhausted state court remedies with respect to the other claims. Ford v. Hubbard, 330 F.3d at 1099-1100. However, the Supreme Court specifically held in Pliler v. Ford that district courts are not required to inform litigants regarding the stay option. Pliler v. Ford, 124 S. Ct. at 2445-46. Cf. Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005) (clarifying that stay-and-abeyance procedure is discretionary, subject to determination of petitioner's good cause for failure to previously exhaust and meritorious nature of unexhausted claims).

1  dismissal.

2         Finally, the Ninth Circuit has directed this court to consider whether the claims in
3  this action relate back to the claims in petitioner's previous action.  In Ford v. Hubbard, the Ninth
4  Circuit treated the original petition, which the court deemed improperly dismissed, as stayed
5  rather than dismissed and then held that the claims asserted in the subsequent petition that had
6  also been raised in the first petition related back to filing date of the first petition under Federal
7  Rule of Civil Procedure 12(c).  Ford v. Hubbard, 330 F.3d at 1102-04.  However, the court found
8  that claims raised in the second petition that were not raised in the first did not relate back.  Id. at
9  1105.

10         Again, under Pliler v. Ford, the 1997 dismissal of petitioner's first habeas petition,
11  identified as Case No. CIV-S-96-2125, was proper.  Given the propriety of the dismissal and
12  subsequent entry of judgment, "there was no pending petition to which [the] new [1999] petition
13  could relate back or amend," Henry v. Lungren, 164 F.3d 1240 (9th Cir.), cert. denied sub nom.
14  Henry v. Lockyer, 528 U.S. 963 (1999), and there is no reason for the court to exercise its
15  equitable powers to relate the claims in this action back to the prior action.  Cf. Anthony v.
16  Cambra, 236 F.3d 568, 574 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).[5]

17  IV.  Conclusion

18         For all the foregoing reasons, respondent's January 3, 2001 motion to dismiss
19  should be granted, and this action should be dismissed.

20         In accordance with the above, IT IS HEREBY RECOMMENDED that:

21      1.  Respondent's January 3, 2001 motion to dismiss be granted; and

22      2.  This action be dismissed.

---

[5] While a decision in the case of Mayle v. Felix, which the Supreme Court has taken under submission after oral argument, see 2005 WL 1106581, 73 U.S.L.W. 3647 (U.S. April 19, 2005), might affect the determination of the Ninth Circuit's question regarding "relation back" of claims in this case, a decision in Mayle has not issued at the time of this writing.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: June 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1 dawk0947.157(1)